UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL NO: 10-102-JJB-DLD |
| *Versus* | : | |
| | : | |
| PAUL W. MILLER | : | |

**OPPOSITION TO GOVERNMENT'S INTENT TO OFFER A TWO DECADES OLD UNPROSECUTED SEXUAL ASSAULT ALLEGATION IN MILLER'S TRIAL**
**(with Incorporated Memorandum)**

NOW INTO COURT, through undersigned appointed counsel, comes defendant, Paul Miller, who submits the following opposition to the Government's intent to admit certain 404(b), 413, and 414 evidence in Paul Miller's trial. This motion is made under the authority of Federal Rule of Evidence 403 and is based on the incorporated memorandum, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

BACKGROUND

On July 7, 2010, a grand jury for the Middle District of Louisiana returned a three count indictment alleging that "sometime between on or about October 26, 2007, and on or about May 7, 2008" Paul W. Miller sexual exploited two minor females, "Jane Doe A" and "Jane Doe B," and possessed child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B).

Counts one and two of the indictment concern the production of digital images and printed photographs depicting Jane Doe A and B in sexual poses and various stages of undress;

some of the images also depict Jane Doe A and B performing sexual acts on a male whose complete body or face is never shown, but who is alleged to be Paul Miller. Miller denies producing these images and denies any sexual activity with Jane Doe A and B. According to discovery (and defense counsel's investigation), Jane Doe A and B (and perhaps Miller's minor son) will testify in the Government's case in chief as the Government's percipient witnesses to Count one.

Count three, on the other hand—the possession count—concerns several photographs that were brought to the Denham Springs City Police on May 6, 2008, by Miller's sister, Malinda Long. The photographs include images of Jane Doe A and B (images "produced" in counts one and two) and other images of minors and persons engaged in sexual activities. There is no evidence that Malinda Long ever saw Miller in possession of these photographs.

Count three also concerns images found by law enforcement on the hard drive of an HP computer given to Denham Springs City Police on May 7, 2008, by Malinda Long, who herself received the computer from "another person." The computer, which was searched pursuant to a warrant issued by a Denham Springs City Court judge (apparently exercising some newfound jurisdiction to authorize search warrants in felony matters) contained child pornography, including images of Jane Doe A and B. The HP computer is alleged to have belonged to Paul Miller but was not seized from him, and it was commonly used by members of Miller's household.

Finally, count three concerns images of child pornography found on a "thumb drive" (again, turned over to Denham Springs Police by Malinda Long). The thumb drive is mysterious in that there is no record of when or where it was placed into evidence, or turned over to the

Denham Springs Police, and no record of a search warrant (at least none defense counsel has found in the discovery received thus far).

## ARGUMENT—THIS COURT MAY PRECLUDE PREJUDICIAL EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 403

Against this background, the Government has noticed its intent to introduce in its case in chief testimony that, over 20 years ago, Paul Miller, while himself a minor of 15, had a relationship with a 12 year old girl, resulting in the birth of a child; and sometime in 1985, this same girl, then 14, reported that Paul Miller, then 18, "sexually assaulted" her using "numerous weapons" including "a knife, razor, and baseball bat." This 1985 evidence is to help the Government prove that "sometime between on or about October 26, 2007, and on or about May 7, 2008" Miller produced and possessed child pornography. Testimony concerning the teenage couple's rocky relationship is being offered as evidence of Paul Miller's *modus operandi* (and thus not excludable under Rule 404(b) of the Federal Rules of Evidence, and is also offered under Rules 413 and 414 as evidence of Miller's previous crimes of sexual assault and child molestation, demonstrating a propensity to commit such crimes, apparently at 20 year intervals.

Although reported, the 1985 incident did not merit prosecution in Livingston Parish, and Paul Miller was never formally charged. Counsel has been unable to obtain police reports regarding the incident, so dealing with the allegation is, at this time, an exercise in shadowboxing. Although Miller has yet to receive "statements of witnesses" or a "summary of the substance"[1] of

---

[1] Federal Rules of Evidence 413(b) and 414(b) both state: "In a case in which the Government intends to offer evidence under this rule, the attorney for the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause."

the testimony to be offered regarding the assault, this much is clear: the Government has ample means and opportunity to prove its case for production and possession of child pornography "sometime between on or about October 26, 2007, and on or about May 7, 2008," without unfair, prejudicial recourse to an unprosecuted sexual assault claim from 1985.

Evidence proffered under Rules 404(b), 413, and 414, must still be relevant and pass Rule 403's balancing test before the court can admit it; *see also* Fed. R. Evid. 413(c) & 414(c) (providing that the rules "shall not be construed to limit the admission or consideration of evidence under any other rule." Federal Rule of Evidence 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See *Old Chief v. United States*, 53.9 U.S. 172, 180-92 (1997).

The uncharged sexual assault from 1985 is clearly prejudicial and proves little. The 20 year old claim is too remote from the offenses in Miller's indictment; has no logical relevance to production and possession of child pornography in 2007 and 2008; creates a substantial risk of jury confusion (is Miller on trial for a 20 year old rape? Shouldn't we punish him because he was never prosecuted for that?), and would, as a practical matter, transform a three count indictment into a four count indictment.

Common sense and human nature dictate that a jury dealing with child pornography for the first time is unlikely to make the fine distinctions between a 20 year old sexual assault allegation and the offenses charged in the indictment. A jury is more likely to react viscerally, rather than parse hair-splitting limiting instructions. For these reasons, the limited probative value of the evidence is  substantially outweighed by a danger of unfair prejudice, and should be

excluded from the Government's case in chief.

## CONCLUSION

For the above reasons, and pursuant to Rule 403, defendant Paul Miller respectfully requests that the Court deny introduction of evidence of Miller's alleged sexual assault on Jane Doe A's mother in 1985.

RESPECTFULLY SUBMITTED:

 s/ Michael A. Fiser
MICHAEL A. FISER
Attorney at Law
830 Main Street
Baton Rouge, LA 70802
Phone: (225)343-5059
Fax: (225)336-4667
Email: michael@fiserlaw.com
Bar Roll No: 28575
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that, on January 24, 2011, a copy of the foregoing brief was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Alecia Riewerts Wolak, Justice Department Trial Attorney, and all counsel of record, by operation of the Court's electronic filing system.

        s/ Michael A. Fiser