**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| *versus* : | CRIMINAL NO. 10-102-JJB-DLD |
| : | |
| PAUL W. MILLER : | |

**SUPPLEMENTAL MOTION AND INCORPORATED MEMORANDUM TO DETERMINE ADMISSIBILITY OF 404(B), 413, and 414 EVIDENCE**

The United States of America by Donald J. Cazayoux, Jr., United States Attorney for the Middle District of Louisiana, Richard L. Bourgeois, Jr., Assistant United States Attorney, and Alecia Riewerts Wolak, Trial Attorney, moves to determine the admissibility of evidence, pursuant to FED. R. EVID. 404(b) of the wrongful acts committed by the defendant, FED. R. EVID. 413 of a prior sexual assault committed by the defendant, and FED. R. EVID. 414 of prior child molestation committed by the defendant.

### SUPPLEMENTAL LAW AND ARGUMENT

The defendant is accused of employing, using, persuading, inducing, enticing, and coercing two individuals under the age of 18, specifically Jane Doe A and Jane Doe B, intending that the minor females engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The defendant is also charged with knowingly possessing visual depictions of minors engaged in sexually explicit conduct.

Additional information has come to light during the trial preparation of Jane Doe B regarding threats made by the defendant to Jane Doe B and physical force used by the defendant against Jane Doe B. Both the threats and physical force exerted by the defendant

contributed to Jane Doe B's being coerced into having sexually explicit photographs taken of her and resulted in forced sexual encounters between the defendant and Jane Doe B. Discovery material regarding interviews with Jane Doe B has been provided to Michael Fiser, counsel for the defendant.

On multiple occasions between October 2007 and May 2008, the defendant threatened Jane Doe B with physical violence and death, physically abused Jane Doe B to coerce her into participating in sexual acts with him and to punish her when she did not cooperate with the defendant's demands for sex, and physically forced Jane Doe B to participate in sexual intercourse with him. These actions by the defendant are inextricably interwoven into the narrative of Jane Doe B's relationship with the defendant, including contributing to Jane Doe B's being coerced into having sexually explicit photographs taken of her and causing Jane Doe B initially not to reveal these acts to law enforcement. Additionally, Jane Doe A has stated that her knowledge that the defendant used physical violence against her mother, including putting a knife to her mother's throat, contributed to her participating in sexual acts with the defendant.

The United States seeks to introduce the testimony of the mother of Jane Doe A as to the facts underlying her abuse by the defendant. The additional information provided by Jane Doe B related to the details of her physical and sexual abuse at the hands of the defendant provides an even stronger argument for inclusion of testimony regarding the sexual assault against the mother of Jane Doe A under Rules 404(b), 413, and 414. The defendant used violence and physical force against the mother of Jane Doe A and Jane Doe B. Evidence of

2

the defendant's prior sexual assault of Jane Doe A's mother demonstrates the defendant's motive, intent, knowledge, *modus operandi*, and absence of mistake or accident. The prior sexual history with the mother of Jane Doe A demonstrates the defendant's willingness to use coercion, including force, to engage in sexual conduct with a minor female. The probative value of the evidence is not substantially outweighed by a danger of unfair prejudice; a jury instruction can serve to limit any possible prejudicial effect. See U.S. v. Leahy, 82 F.3d 624, 637 (5th Cir. 1996) (citing cases). Alternatively, the defendant's previous sexual assault of Jane Doe A's mother should be admitted pursuant to Federal Rules of Evidence 413 (with regard to the sexual assault that took place after Jane Doe A's mother was 14 years of age).

Based on motion papers submitted by the defendant to the 21st Judicial District Court in Livingston Parish in August 1990, the defendant was arrested for the sexual offense committed on the mother of Jane Doe A on July 15, 1985, and booked with the offenses "Aggravated Rape and Cruelty to a Juvenile." According to the motion papers, the charges were "dropped by Judge Angalone" approximately one week after the defendant was arrested. The defendant also was arrested on July 15, 1985, for two counts of Aggravated Battery, Aggravated Assault, and Criminal Damage to Property, seemingly in conjunction with the same incident. The outcome of the arrest for Aggravated Battery, Aggravated Assault and Criminal Damage to Property is described as "nolle pros" on July 24, 1985. On August 28, 1990, the Deputy Clerk of Court for the 21st Judicial District Court in Livingston Parish entered an order that the records related to the matter be expunged. Due to the

criminal records having been expunged, the above motion and order are the only documentation existing of the defendant's arrest and prosecution.

  A. <u>Prior Misconduct Must Not Result in a Conviction to be Admitted as Evidence</u>

  The defendant's prior uncharged sexual misconduct must not have resulted in a conviction for the conduct to be admissible under Rules 404(b), 413, and 414. <u>United States v. Guidry</u>, 456 F.3d 493, 501-504 (5th Cir. 2006). The Fifth Circuit has allowed the admission of uncharged sexual assaults including the fondling and forced oral copulation of a woman admissible in the trial of a police officer charged with multiple sexual assaults against women. <u>Id</u>. The court determined that uncharged prior sexual acts are probative if they are similar to the charged crimes. <u>Id</u>. Although "[r]elevant evidence is inherently prejudicial," "it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." <u>United States v. Pace</u>, 10 F.3d 1106, 1115-16 (5th Cir. 1993), <u>quoting</u> <u>United States v. McRae</u>, 593 F.2d 700, 707 (5th Cir. 1979).

  Sister circuits also have found that trial courts properly admitted evidence of prior sex offense and child molestation offenses when the prior bad act did not result in a conviction. <u>See</u>, e.g., <u>United States v. Seymour</u>, 468 F.3d 378, 386 (6th Cir. 2006) (defendant's uncharged prior sexual assaults against adult females admissible in case charging child molestation and adult sex offenses); <u>United States v. Benally</u>, 500 F.3d 1085 (10th Cir. 2007) (defendant's prior sexual misconduct admissible, including a rape charge that was dismissed when the defendant pleaded guilty to assault and battery and uncharged sexual misconduct).

  However, to be admissible, evidence of prior sexual crimes must be probative of some element of the charged offense. For example, in <u>United States v. Dillon</u>, the United States

4

sought to admit testimony about four uncharged sexual assaults allegedly committed by Dillon, a former Assistant City Attorney of New Orleans charged with assaulting women he was prosecuting for minor traffic offenses. United States v. Dillon, 532 F.3d 379, 382 (5th Cir. 2008). The Fifth Circuit affirmed the decision of the district court, admitting the testimony of two women whose alleged offenses occurred the same year and were similar to the charged offenses and excluding the testimony of two women whose sexual assaults were not related to Dillon's official duties or close in time as the others. Id. at 388.

      B.      Prior Misconduct Must Not Be Recent

The sexual assault against the mother of Jane Doe A that the United States moves to admit into evidence occurred in 1985. Evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense. Evidence of prior sex crimes have been admitted despite the age of the prior offense. See, e.g. United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007), cert. denied, 552 U.S. 1329 (2008) (admission of prior attempted rape conviction of 12-year-old warranted in prosecution for traveling in interstate commerce for purpose of engaging in illicit sexual conduct even though prior offense occurred 22 years earlier); United States v. Gabe, 237 F.3d 954, 959-960 (8th Cir. 2001) (witness testimony that defendant had sexually abused victim 20 years prior to instant charge); United States v. Benally, 500 F.3d 1085 (10th Cir. 2007) (evidence of uncharged sexual offense occurring 40 years and 19-21 years earlier admitted into evidence in case in chief); United States v. Meacham, 115 F.3d 1488, 1490-95 (10th Cir. 1997) (over 30 years between prior offense and instant offense). There is no

artificial time limited with regard to the recency of the prior crime imposed under these Rules.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court permit the United States to introduce evidence of the defendant's prior sexual relationship with Jane Doe A's mother, pursuant to Rules 404(b), 413, and 414.

UNITED STATES OF AMERICA, by

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY

/s/ Alecia Riewerts Wolak
Alecia Riewerts Wolak
Trial Attorney
U.S. Department of Justice
Child Exploitation and Obscenity Section
1400 New York Avenue, NW
Suite 600
Washington, DC 20530
Telephone: (202) 353-3749
Fax: (202) 514-1793
alecia.riewerts@usdoj.gov

Richard L. Bourgeois, Jr., LBN 28874
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: richard.bourgeois@usdoj.gov

Date:  June 27, 2011

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 27, 2011, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Michael Fiser
830 Main Street
Baton Rouge, LA  70802
michael@fiserlaw.com

                                            /s/ Alecia Riewerts Wolak
                                            Alecia Riewerts Wolak