UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 10-102-JJB-DLD |
| | : | |
| PAUL W. MILLER | : | |

### UNITED STATES' TRIAL BRIEF REGARDING THE EXAMINATION OF MINOR WITNESSES AT TRIAL

**NOW INTO COURT** comes the United States of America, by Donald J. Cazayoux, Jr., United States Attorney for the Middle District of Louisiana, through Richard L. Bourgeois, Jr., Assistant United States Attorney, and Alecia Riewerts Wolak, Trial Attorney, who respectfully submits this Trial Brief regarding the method of direct examination of minor witnesses at trial in this matter.

**I.      FACTUAL BACKGROUND**

The defendant, Paul W. Miller, has been indicted with two counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a). Specifically, it is alleged that he "did employ, use, persuade, induce, entice, and coerce a person under the age of eighteen" to engage in sexually explicit conduct "for the purpose of producing a visual depiction of such conduct." The minor victims are identified in the Indictment as Jane Doe A (Count One) and Jane Doe B (Count Two).

The defendant is also charged in Count Three with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Trial in this matter is set for Monday, July 11, 2011.

The United States intends to present the testimony of three minors in its case in chief. Two of the minors are alleged victims of the defendant. They are identified in the Indictment as Jane Doe A and Jane Doe B. These victims were ages 11 and 12 at the time of the commission of the offenses. They will both be 15 years old at the time of their trial testimony.

In addition to Jane Doe A and B, the United States intends to call a third minor, identified as J.S. J.S. is the son of the defendant. J.S. is an eye witness to the defendant's possession of child pornography, included images depicting Jane Doe A and Jane Doe B. J.S. was also an eye witness to the defendant engaging in sexual behavior with one of the victims. At the time of the commission of the offenses by the defendant, J.S. was age 12. J.S. will be age 15 at the start of the trial.

## II.  LAW AND ARGUMENT

Federal Rule of Evidence 611 addresses the "Mode and Order of Interrogation and Presentation" of witness testimony. Rule 611(a) directs that the Court shall exercise reasonable control over the mode and order of interrogating witnesses, among other things.

Rule 611(c) addresses the use of leading questions. The Rule identifies certain circumstances where leading questions may be allowed on direct examination. For example, the rule allows for the use of leading questions "as may be necessary to develop the witness' testimony."[1] The Advisory Committee's note recognizes that numerous exceptions to the

---

[1] Rule 611 also allows for the use of leading questions "[w]hen a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions." The United States respectfully submits that certain witnesses, like

2

general prohibition against leading questions on direct examination "have achieved recognition," specifically "the child witness."  FED.R.EVID. 611(c), Advisory Committee's Note.

The Fifth Circuit has upheld the use of leading questions of minor witnesses, especially those that are the victims of sex crimes, based on the necessity to develop their testimony.  In United States v. Carey, 589 F.3d 187, 192 (5th Cir. 2009), the Court upheld the district court's decision to allow the government to lead the testimony of the minor witness.  The Court noted that "the indictment concerned a sex crime, the witness was twelve, and the record reveals several times where [the witness] appeared nervous." Id.

The Carey court found support in Rotolo v. United States, 404 F.2d 316, 317 (5th Cir. 1968).  In that case, the Fifth Circuit held that the district court properly exercised discretion in allowing the government to lead a fifteen year old witness who appeared "reluctant," "nervous," and "upset."  Id; see also United States v. Dumpson, 1995 WL 696737 (5th Cir. 1995) (Oct. 19, 1995) (affirming district court's decision to allow leading questions to 16 year old victim) (citing cases).

The United States submits that based on the ages of all three of these witnesses, the nature of the case and the testimony that they will be called to offer, as well as their anticipated demeanor and reluctance to testify about the anticipated subject matter, the use of leading questions may be needed to develop their testimony.  Rule 611 of the Federal Rules of Evidence and Fifth Circuit caselaw permit such use.

---

J.S., are family members of the defendant, and are thus "identified with an adverse party."  It is equally likely that the Court may find these witnesses hostile to the United States during their testimony.  Should such a scenario arise, the United States may request permission to treat these witnesses as such and use leading questions when soliciting their testimony.

**III.     CONCLUSION**

The government should be allowed to use leading questions in direct examination to develop the testimony of these child witnesses because of the nature of this crime, the age of the witnesses, and their anticipated reluctant demeanor as witnesses. In addition, if any witness, minor or not, is properly considered a hostile witness or one identified with an adverse party, the Federal Rules of Evidence provide that interrogation may be by leading questions.

UNITED STATES OF AMERICA, by

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY


/s/ Richard L. Bourgeois, Jr.
Richard L. Bourgeois, Jr., LBN 28874
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: richard.bourgeois@usdoj.gov

Alecia Riewerts Wolak
Trial Attorney
U.S. Department of Justice
Child Exploitation and Obscenity Section
1400 New York Avenue, NW
Suite 600
Washington, DC 20530
Telephone: (202) 353-3749
Fax: (202) 514-1793
E-mail: alecia.riewerts@usdoj.gov

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 10-102-JJB-DLD |
| | : | |
| PAUL W. MILLER | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the *United States' Trial Brief Regarding the Examination of Minor Witnesses at Trial* has been electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Michael Fiser, counsel for the defendant, by operation of the court's electronic filing system.

Dated this 5th day of July, 2011, at Baton Rouge, LA.

/s/ Richard L. Bourgeois, Jr.
RICHARD L. BOURGEOIS, JR.
ASSISTANT U.S. ATTORNEY