**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION NO.**

**VERSUS**                                                        **10-102-JWD-EWD**

**PAUL W. MILLER**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 31, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO.

VERSUS                                      10-102-JWD-EWD

PAUL W. MILLER


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on four motions by Paul W. Miller ("Petitioner") to vacate judgment for lack of jurisdiction (the "Motions to Vacate"),[1] and a motion requesting the appointment of counsel.[2]  The United States has not filed an opposition and there is no need for oral argument or for an evidentiary hearing.[3]  For the reasons set forth herein, the undersigned recommends denial of the Motions to Vacate, and that this matter be dismissed with prejudice. Accordingly, denial of the motion requesting appointment of counsel is also recommended.

## I.    BACKGROUND

On July 7, 2010, Petitioner was charged by indictment with two counts of sexual exploitation, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  After a two-day jury trial, Petitioner was found guilty of the charged offenses.[4] On April 26, 2012 the Court sentenced Petitioner to 360 months imprisonment on each of the two counts of sexual exploitation and 120 months imprisonment on the count of possession of child pornography, to be served consecutively, for a total of 840 months.[5] The Court also sentenced

---

[1] R. Docs. 131, 133, 134 and 136.
[2] R. Doc. 137.
[3] 28 U.S.C. § 2255(b) allows for dismissal where the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."
[4] R. Doc. 63.
[5] R. Docs. 72 and 75 at p. 3.

Petitioner to 10 years of supervised release for each of the three counts, to run concurrently.[6]  Petitioner

was sentenced to pay an assessment of $300 and a fine of $15,000.[7]

On May 9, 2012, Petitioner filed a Notice of Appeal, seeking review of his conviction and

$15,000 fine.[8]  The Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on

August 12, 2013.[9]  Upon the failure of Petitioner to seek further review with the United States Supreme

Court, his conviction and sentence became final on November 10, 2013 after expiration of the 90-day

time period for him to do so.[10]

On November 4, 2014,[11] Petitioner filed his first Motion to Vacate,[12] asserting that his trial

counsel was ineffective for failing to file motions to suppress the photographs seized from Petitioner's

vehicle and the photographs seized from Petitioner's computer, both of which were introduced as

evidence at Petitioner's trial.  Petitioner also filed Motions for Leave to Supplement the Motion to

Vacate ("Motions to Supplement").[13] In the first Motion for Leave to Supplement, which was filed on

November 12, 2015,[14] Petitioner sought to add the following four grounds of relief to the Motion to

Vacate: (1) 28 U.S.C. § 2251(a) is jurisdictionally unconstitutional on its face and is facially invalid;

(2) 28 U.S.C. § 2251(b) and (c) are jurisdictionally unconstitutional on their face and are facially

invalid; (3) 28 U.S.C. §§ 2252 and 2252(a) are not speech integral to criminal conduct and are void

under the First Amendment's overbreadth doctrine; and (4) 28 U.S.C. § 2251(d) is not speech integral

to criminal conduct.[15]  In the second Motion for Leave to Supplement, which was filed on March 10,

---

[6] R. Doc. 75 at p. 4.
[7] R. Doc. 75 at p. 5.
[8] R. Doc. 73.
[9] R. Doc. 99.
[10] *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000) (recognizing that a conviction becomes final under § 2255 after the 90-day period allowed for a petitioner to seek review by the United States Supreme Court if he has not pursued such relief).
[11] The Motion to Vacate was docketed on November 10, 2014 but dated November 4, 2014.  R. Doc. 101, p. 25.
[12] R. Doc. 101.
[13] R. Docs. 118, 119, 120, and 121.
[14] The Motion for Leave to Supplement was docketed on November 23, 2015 but dated November 12, 2015.  R. Doc. 118-1, p. 15.
[15] R. Doc. 118-1 at pp. 1-4.

2016,[16] Petitioner sought to add an ineffective assistance of counsel claim based upon his trial counsel's failure to move for acquittal under Fed. R. Crim. P. 29.[17]  In the third Motion for Leave to Supplement, which was filed on January 13, 2017,[18] Petitioner sought to add a claim that § 2251(a) violates the First Amendment by suppressing speech and is an unconstitutional exercise of Congress' Commerce Clause power.[19]  Petitioner's fourth Motion for Leave to Supplement, which was docketed March 21, 2017,[20] re-urged the arguments raised in the third Motion for Leave to Supplement.[21]

A Report and Recommendation was issued on March 6, 2018, finding that Petitioner's claims were without merit and that his Motions to Supplement were untimely.[22]  The Report and Recommendation was adopted on March 21, 2018, dismissing Petitioner's Motion to Vacate and denying all four Motions to Supplement.[23]

Approximately six months after the first Motion to Vacate was denied, Petitioner filed four additional Motions to Vacate Judgment for Lack of Jurisdiction.[24]  On September 5, 2018, Petitioner filed his second Motion to Vacate, arguing that the Court lacks subject matter jurisdiction over his case because the charging statutes violate the First Amendment, exceed Congress's power under the Commerce Clause, and violate the Due Process Clause.[25]  These issues were previously raised by Petitioner in his Motions to Supplement, and dismissed by the Court as untimely.[26]

---

[16] The Motion for Leave to Supplement was docketed on March 14, 2016 but dated March 10, 2016.  R. Doc. 119, p. 2.
[17] R. Doc. 119 at 1.
[18] The Motion for Leave to Supplement was docketed on January 13, 2017 but dated January 11, 2017.  R. Doc. 120, p. 2.
[19] R. Doc. 120.
[20] The Motion for Leave to Supplement is dated January 11, 2017.  R. Doc. 121, p. 2.
[21] R. Doc. 121.
[22] R. Doc. 128.
[23] R. Doc. 130.
[24] R. Docs. 131, 133, 134, and 136.
[25] R. Doc. 131.  The second Motion to Vacate is dated March 12, 2018.  R. Doc. 131, p. 3.
[26] R. Doc. 118-1, 120-2 (Commerce Clause); R. Doc. 118-1, 120-2 (First Amendment); R. Doc. 121-2 (Due Process).

Petitioner filed his third Motion to Vacate on October 10, 2018,[27] arguing that the Court lacks jurisdiction over his case because the charging document was invalid as it did not comply with the Fifth and Sixth Amendments to the United States Constitution.  Petitioner filed his fourth Motion to Vacate on November 22, 2018, arguing that the charging statutes violate his First Amendment rights.[28] Finally, Petitioner filed his fifth Motion to Vacate on August 21, 2019, requesting relief under Fed. R. Civ. P. 60(b) and arguing that the Court lacked jurisdiction to entertain his previous Motion to Vacate under § 2255.[29]

## II.    LAW AND ANALYSIS

### A.  R. Docs. 131, 133 & 134 Should Be Dismissed and Successive and Untimely

Under §§ 2255(h) and 2244(b)(3)(A), a petitioner must obtain permission from the appropriate court of appeals before filing a second or successive habeas petition in a district court.[30] Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of Appeals] has granted the petitioner permission to file one."[31] A § 2255 motion is successive when it contains a claim that was or could have been raised in an earlier application or otherwise constitutes an abuse of the writ.[32]

"Because of the comparative leniency of Rule 60(b) [as compared to AEDPA (the Antiterrorism and Effective Death Penalty Act)], petitioners sometimes attempt to file what are in fact successive habeas petitions under the guise of Rule 60(b) motions.  [T]o bring a proper Rule

---

[27] R. Doc. 133.  The third Motion to Vacate was docketed October 19, 2018.
[28] R. Doc. 134.  The fourth Motion to Vacate was docketed November 30, 2018.
[29] R. Doc. 136.  The fifth Motion to Vacate was docketed August 30, 2019.
[30] *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).
[31] *Id*.
[32] *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

60(b) claim, a movant must show 'a *non-merits based* defect in the district court's earlier decision on the federal habeas petition.'"[33]

Although styled as motions under Federal Rule of Civil Procedure 60(b)(4), which seeks relief from a judgment that is void, R. Docs. 131, 133 and 134 are successive petitions under §§ 2255(h) and 2244(b)(3)(A).  Petitioner's claims are legal arguments that substantively assert grounds for setting aside his conviction or sentence and that could have been timely raised in his original Motion to Vacate.  As Petitioner has not obtained permission from the Fifth Circuit Court of Appeal to file a successive habeas petition, this Court lacks jurisdiction to entertain Petitioner's successive Motions to Vacate.

Furthermore, the claims raised in R. Docs. 131, 133, and 134 are all untimely. The Fifth Circuit affirmed Petitioner's conviction on August 12, 2013.[34]  Upon the failure of Petitioner to seek review in the United States Supreme Court, his conviction and sentence became final on November 10, 2013.  Petitioner had one year from the date his conviction became final to file a § 2255 motion.[35]  The four pending Motions to Vacate were filed well beyond the one-year statute of limitations and are, therefore, also untimely.[36]

**B.  R. Doc. 136 Should be Dismissed as Without Merit**

Petitioner's fifth Motion to Vacate, R. Doc. 136, is also styled as a Rule 60(b) motion. Petitioner argues that the Court lacked subject matter jurisdiction when it dismissed his original Motion to Vacate on March 21, 2018 because the language of § 2255 does not provide a

---

[33] *In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019) (emphasis in original; citations omitted).

[34] R. Doc. 99.

[35] *See* 28 U.S.C. § 2255(f).

[36] Petitioner's original Motion to Vacate was filed on November 10, 2014 was timely.  It was dismissed with prejudice on March 21, 2018.  As noted above, many of the arguments Petitioner seeks to assert in R. Docs. 131, 133 and 134 were previously dismissed as untimely by the Court when Petitioner sought leave to supplement his original Motion to Vacate.  R. Docs. 128 and 129.

mechanism to challenge the constitutionality of his conviction, custody or detention.[37]  It appears as though Petitioner is arguing that a § 2255 motion can challenge only a sentence.[38]

As an initial matter, because Petitioner is not substantively asserting a ground for setting aside his conviction or sentence, R. Doc. 136 asserts a non-merits based defect and is not, therefore, a successive petition.  Nevertheless, R. Doc. 136 is subject to dismissal.

"As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a § 2255 motion."[39]  By contrast, a petition under § 2241 "is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed.' A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion.  However, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention."[40]

Contrary to Petitioner's argument, § 2255 is the primary procedural mechanism to challenge the legality of his conviction.  Petitioner's original Motion to Vacate (with requests to supplement) attacks the legality of his conviction on various grounds, all related to errors that Petitioner alleges occurred at or prior to sentencing—that trial counsel was ineffective and that the statutes under which Petitioner was convicted are unconstitutional.[41]  A § 2255 motion is the

---

[37] R. Doc. 136, p. 5.
[38] *See*, R. Doc. 136, p. 3 ('Petitioner did <u>not</u> challenge his judgement [sic] <u>of sentence</u> or claim any defect in his <u>sentence</u>.") and pp. 3-4 ("As Petitioner understands the plain and unambiguous language of § 225, it means that he 'may' attack <u>only</u> the legality of his <u>sentence</u> under a § 2255 motion to vacate, set aside or correct a <u>sentence</u>.")(Emphasis in original).
[39] *Campbell v. Maye*, 428 F. App'x 382, 383 (5th Cir. 2011) *citing Padilla v. United States*, 416 F.3d 424, 426–27 (5th Cir.2005).
[40] *Padilla*, 416 F.3d at 426 (citations omitted).
[41] *See e.g., Bell v. Holder*, 488 F. App'x 822, 823 (5th Cir. 2012) (rejecting petitioner's argument that he should not be required to proceed under § 2255 because he was challenging the validity of a statute not the validity of his

appropriate means to address such errors. The Judgment dismissing Petitioner's original Motion to Vacate is not void for lack of subject matter jurisdiction and Petitioner is not entitled to relief under Rule 60(b). Although not successive, Petitioner's fifth Motion to Vacate (R. Doc. 136) is without merit and should be denied.

## III.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right, "a demonstration that ... includes showing that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[42]

The undersigned recommends that, if a certificate of appealability is sought, it be denied, as reasonable jurists would not debate the denial of the Petitioner's Motions to Vacate or the correctness of the rulings set forth in this Report and Recommendation

## RECOMMENDATION

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's Motions[43] be **DENIED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that if this Report and Recommendation is adopted Petitioner's Motion Requesting Appointment of Counsel[44] be **DENIED AS MOOT**.

---

conviction); *see also, United States v. Mackey*, 299 F.Supp.2d 636 (E.D La. Jan. 15, 2004)(denying § 2255 motion seeking to have felon in possession statute held unconstitutional).
[42] *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) *citing Moore v. Johnson*, 225 F.3d 495, 500 (5th Cir.2000), *quoting Slack v. McDaniel,* 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).
[43] R. Docs. 131, 133, 134, and 136.
[44] R. Doc. 137.

**IT IS FURTHER RECOMMENDED** that if a certificate of appealability is sought, it be

**DENIED.**

Signed in Baton Rouge, Louisiana, on December 31, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**